**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AUSTIN LAZO,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No.  SA-25-CA-00846-XR |
| WHOLE FOODS MARKETS ROCKY<br>MOUNTAIN/SOUTHWEST LP,<br>*Defendant* | §<br>§<br>§<br>§ | |

## ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE

On this date, the Court considered Defendant's motion to dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b) (ECF No. 15). Plaintiff has not filed a response and the time to do so has expired. After careful consideration, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Austin Lazo initiated this action in June 2025 in state court against Whole Foods for alleged violations of the Family and Medical Leave Act ("FMLA") arising from, among other things, the termination of his employment in January 2025. ECF No. 1-1. In July 2025, Whole Foods removed the case to this Court based on federal question jurisdiction. *See* ECF No. 1.

Whole Foods served its Initial Disclosures and its First and Second Sets of Interrogatories and Requests for Production in September and October 2025, making Plaintiff's responses due in November 2025. ECF No. 15-1 at 3–34 (Written Discovery served on Plaintiff). Plaintiff failed to serve Initial Disclosures at all and provided no responses to three of the four written discovery sets, offering only unverified answers to the First Set of Interrogatories on December 10, 2025. *Id.* at 36–42 (Unverified Interrogatory Responses).

After Whole Foods noticed Plaintiff's deposition for December 15, 2025, on a date previously agreed upon by counsel, Plaintiff failed to appear, forcing defense counsel to travel to San Antonio unnecessarily. *Id.* at 44–46 (Certificate of Non-Appearance).

Whole Foods then moved to compel, explaining that Plaintiff had ceased communicating even with his own counsel, who confirmed he could not obtain discovery responses or offer deposition dates. *See* ECF No. 13. In January 2026, having received no response from Plaintiff, the Court granted the motion to compel as unopposed, ordered Plaintiff to serve complete discovery responses and Initial Disclosures and to contact Whole Foods within 14 days to schedule his deposition. ECF No. 14. The Court further warned that "[a]ny further failure by Plaintiff to participate in the discovery process, including failure to comply with this Order, may result in sanctions, up to and including dismissal of Plaintiff's claims for want of prosecution." *Id.* at 2.

Still, since the Court's order, Plaintiff has not served a single discovery response, produced no documents, executed no authorizations, provided no disclosures, and made no effort to schedule his deposition. Whole Foods now asks the Court to dismiss this action for want of prosecution.

## DISCUSSION

### I.    Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b). The Court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).

Where dismissal would preclude further litigation of the case due to the expiration of the statute of limitations, the dismissal operates as a dismissal with prejudice. *McGowan v. Faulkner*

*Concrete Pipe Co.*, 659 F.2d 554, 554 (5th Cir. 1981). A dismissal with prejudice is an extreme sanction that deprives the litigant of an opportunity to litigate his claim. *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985). Consequently, when limitations bars, or arguably bars, refiling, dismissal is appropriate only when (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the court determines that lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed but proved to be futile. *Id.* at 1519–21.

A clear record of delay is found when there have been significant periods of total inactivity. *Berry v. Cigna/RSI Cigna*, 975 F.2d 1188, 1191 n.5 (5th Cir. 1992); *see also Bullard v. Burlington N. & Santa Fe. Ry. Co.*, 368 F. App'x 574, *7 (5th Cir. 2010) ("We have "recognized that 'delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"). Contumacious conduct is a "stubborn resistance to authority." *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988).

Additionally, in most cases, at least one of three aggravating factors must be present. Those factors are: (1) delay caused by the plaintiff personally; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.* at 1190. The presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice. *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1985).

## II.    Analysis

At a minimum, claims premised on Plaintiff's termination in January 2025 are not yet time-barred. "The FMLA has a two-year statute of limitations, unless the alleged violation was willful, in which case, it is three years." *Sanders v. Rodriguez*, No. 7:16-CV-00650, 2018 WL 706473, at

*5 (S.D. Tex. Feb. 2, 2018)) (citing 29 U.S.C. § 2617(c)(1) and *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 392–393 (5th Cir. 2005)).

To the extent that dismissal of this action will render any claims in Plaintiff's original petition premised on Whole Foods' pre-termination conduct untimely, the Court concludes that dismissal of those claims with prejudice is appropriate based on Plaintiff's conduct in this case.[1]

Here, the Court already imposed a lesser sanction, its January 2025 order granting Whole Foods' motion to compel, expressly warning Plaintiff that further non-compliance with his discovery obligations could result in sanctions, including dismissal. *See* ECF No. 14. He did not comply with the Court's order and has not filed a response to Whole Foods' motion demonstrating his intent to pursue this case. Plaintiff has been given multiple opportunities to cure his noncompliance and has been warned explicitly of the consequences. Lesser sanctions have proven ineffective.

Finally, at least two aggravating factors are present. First, the delays in this case have plainly been caused by Plaintiff personally, given his failure to communicate with his own counsel. See *Price*, 792 F.2d at 474. Second, without discovery responses or a deposition, Whole Foods has been prejudiced in its ability to defend itself against Plaintiff's claims because it cannot evaluate damages or prepare any dispositive motion on the merits. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2013) ("[W]ithout the ability to take [the plaintiff]'s deposition, [the defendant] faced substantial prejudice in defending itself in this litigation."). Indeed, the Fifth Circuit has repeatedly affirmed that failure to sit for a deposition, especially after court orders or warnings, constitutes sufficient grounds for dismissal under Rule 41(b). *Anthony v.*

---

[1] Moreover, Plaintiff has been on notice about potential limitations issues since Whole Foods filed its answer in state court in July 2025. *See* ECF No. 1-3 at 2–3. Then, in October 2025, the Court held a status conference at which counsel for both parties appeared, where they discussed, Whole Foods' limitations defense.

*Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167–69 (5th Cir. 1980); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979). The discovery period is effectively frozen, and Whole Foods has already expended resources preparing for a deposition that Plaintiff skipped and compelling responses that Plaintiff should have served months ago.

In short, to the extent that the dismissal of this action renders any of Plaintiff's claims premised on Whole Foods' pre-termination conduct untimely, dismissal of those claims with prejudice is warranted in light of Plaintiff's clear and sustained failure to prosecute this action or comply with this Court's orders.

## CONCLUSION

Accordingly, Defendant's motion to dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b) (ECF No. 15) is **GRANTED**

Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and/or failure to comply with an order of the Court. A final judgment pursuant to Rule 58 will issue follow.

It is so **ORDERED**.

**SIGNED** this 2nd day of March, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

5